IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHRISTIAN J. SMITH**                                                         **PETITIONER**

v.                                               **CIVIL ACTION NO. 3:23-cv-143-TSL-MTP**

**COLLETTE PETERS**                                             **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241 filed by Christian J. Smith and the Motion to Dismiss [15] filed by Respondent. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion to Dismiss [15] be GRANTED and the Petition [1] be DISMISSED with prejudice.

## BACKGROUND

In 2017, following a guilty plea in the United States District Court for the Northern District of Indiana, Petitioner was convicted of attempted armed bank robbery in violation of 18 U.S.C. § 2113, attempted interference with commerce by robbery in violation of the Hobbs Act under 18 U.S.C. § 1951, and, as relevant here, carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). *See* [1] at 1; [2] at 1. For his conviction under § 924(c), attempted Hobbs Act robbery served as the predicate "crime of violence." *See* [1] at 2; [2] at 1. Petitioner was sentence to a total of 147 months in prison.

After unsuccessfully pursuing a motion to vacate under 28 U.S.C. § 2255 in the sentencing court, Petitioner—who is incarcerated at the United States Penitentiary in Yazoo City, Mississippi—filed the instant Petition [1] pursuant to 28 U.S.C. § 2241. Petitioner argues that his conviction under § 924(c) is no longer valid in light of *United States v. Taylor*, 142 S. Ct.

1

2015 (2022), which held that attempted Hobbs Act robbery is not a crime of violence for purposes of § 924(c). Without a predicate crime of violence, argues Petitioner, his § 924(c) conviction cannot stand.

In addition to filing the instant Petition [1], Petitioner sought leave from the United States Court of Appeals for the Seventh Circuit to file a successive § 2255 motion, arguing that his § 924(c) conviction is no longer valid in light of *Taylor*. As the Seventh Circuit noted, a prisoner's ability to utilize § 2255 is limited when he seeks to file a second or successive motion. A successive motion is barred unless the court finds the motion contains: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

The Seventh Circuit held as follows:

> Smith's challenge to the conviction relies not on evidence about the facts, but instead on a changed interpretation of the law. And *Taylor* did not announce a new constitutional rule. Rather, it involved statutory interpretation: it considered only whether attempted Hobbs Act robbery can be classified as a crime of violence under § 924(c)'s elements clause. Having not identified any new and retroactive rule of constitutional law that was previously unavailable to him, Smith has not satisfied § 2255(h)(2).

*See* [15-2].

Returning to the instant Petition [1], on August 21, 2023, Respondent filed a Motion to Dismiss [15] arguing that Petitioner cannot seek relief from his conviction in a § 2241 habeas petition. Petitioner failed to respond to the Motion [15], and the time for doing so has long expired.

## ANALYSIS

As a general rule, a federal inmate's challenge to the validity of his conviction or sentence must be pursued in § 2255 motion filed in the sentencing court. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). As previously mentioned, the Seventh Circuit held that Petitioner failed to satisfy the conditions of § 2255(h)[1] and, thus, was barred from bringing his successive § 2255 petition. There is, however, a "back door" to § 2255 known as the "savings clause," which allows a Section 2241 petition under certain limited circumstances.

The savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Thus, "a section 2241 petition that seeks to challenge a federal sentence or conviction—thereby effectively acting as a section 2255 motion—may only be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Many courts, including the United States Court of Appeals for the Fifth Circuit, interpreted the savings clause provision of § 2255 to permit prisoners to proceed under § 2241 with certain actual-innocence claims based on new cases of statutory interpretation. *See, e.g.*, *Reyes-Requena v. United States*, 243 F.3d 893

---

[1] As set forth above, the conditions of § 2255(h) are "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

(5th Cir. 2001).  Here, Petitioner argues just that—that he may proceed under § 2241 based on the favorable change in statutory interpretation found in *Taylor*.

Earlier this year, however, the United States Supreme Court rejected this interpretation of the saving clause, holding that it "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the] restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones v. Hendrix*, 599 U.S. 465, 471 (2023).  Instead, the savings clause "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court" in a § 2255 motion." *Id*. at 478 (providing examples, including the dissolution of the sentencing court).  The Supreme Court held:

> Section 2255(h) specifics the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences.  The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause.  It means that he cannot bring it at all.  Congress has chosen finality over error correction in his case.

*Id*. at 480.

Plaintiff has not identified any "unusual circumstances" that would make it "impossible or impractical" for him to seek relief in the sentencing court. *Id*. at 478.  Thus, his § 2241 petition—seeking relief in light of *Taylor*, a case of statutory interpretation—is foreclosed by *Jones*.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

1. The Motion to Dismiss [15] be GRANTED and

2. The Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 27th day of November, 2023.

s/ Michael T. Parker  
United States Magistrate Judge